[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGEMENT #114
The plaintiff, Jose Alves, filed a two-count complaint against the defendant, Latonja Moore, on November 4, 1997 In the complaint, the plaintiff alleges that, while riding a motorcycle, he was struck by the defendant's automobile after the defendant allegedly made a "u-turn" from a parked position in an attempt to switch travelling directions. In the complaint, the plaintiff alleges that he was injured when, in the course of the "u-turn", the defendant collided with the oncoming plaintiff.
On June 30, 1998, the defendant filed a revised answer and special defense. The special defense alleges that the injuries sustained by the plaintiff were caused in whole or in part by his own negligence and carelessness. On July 17, 1998, the plaintiff filed a motion for interlocutory summary judgment as to the liability of the defendant. While no objection was filed by the defendant, the defendant did appear for argument at short calendar on August 3, 1998.
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute CT Page 10446 evidence properly presented to the court [in support of a motion for summary judgment] . . . ." (Citations omitted; Internal quotation marks omitted.) Maffucci v. Royal Park LimitedPartnership, 243 Conn. 552, 554, 707 A.2d 15 (1998).
In support of the motion for interlocutory summary judgment, the plaintiff has provided his own affidavit. In the affidavit, the plaintiff attests that he was traveling within the speed limit in a southerly direction on Park Avenue in Bridgeport. The affidavit further states that as he was approaching Park Terrace, an automobile, driven by the defendant, "suddenly and without warning, in an attempt to make a U-turn, pulled out in front" of the plaintiff from a parked position on Park Avenue. According to the affidavit, the defendant's automobile pulled cut so suddenly that the plaintiff had no opportunity to avoid the collision. The defendant raises a special defense which alleges the negligence of the plaintiff. This special defense, however, does not create any genuine issues of material fact that would preclude the granting of an interlocutory summary judgment In his affidavit, the plaintiff attests that he was traveling within the speed limit and, because of the suddenness of the defendants movement, was unable to avoid the accident in any way. The defendant has not offered any evidence, by affidavit or otherwise, to contradict the plaintiff and thus has failed to raise a genuine issue as to any material fact. As such, the defendant has failed to meet its burden in substantiating a genuine issue of material fact that would preclude the granting of summary judgment.
Therefore, the plaintiff's motion for interlocutory summary judgment as to the liability of the defendant is granted.
SKOLNICK, J.